979 F.2d 852
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry D. FARYMAN, Defendant-Appellant.
 No. 92-3247.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1992.
 
 Before MARTIN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Larry D. Faryman, appeals the validity of his guilty plea and sentence for aiding and abetting an unarmed bank robbery in violation of 18 U.S.C. § 2113(a)(2).
 
 I.
 
 2
 The defendant, Larry D. Faryman, was arrested on September 8, 1991, by the Columbus Police Department for taking part in the robbery of a local bank. On September 30, 1991, Faryman pleaded guilty to a one count Information charging him with aiding and abetting an unarmed bank robbery. During the arraignment the district court instructed the defendant as follows:
 
 
 3
 [T]he Court advises you that before the Court can accept your offer to plead guilty, the Court is required under law to give you certain information, and then the Court has to determine if you understand what I have told you.
 
 
 4
 First of all, I advise you that you have offered to plead guilty to taking from the person of the bank teller approximately $3,112, that was in the care, custody and control of Bank One on Dublin-Granville Road.
 
 
 5
 There is one mandatory penalty involved here if I accept your plea of guilty, and that is you have to pay a $50 special assessment. Otherwise, there is no mandatory penalty. On the other hand, the highest penalty, the most severe penalty the Court can impose on you is confinement in a penal institution for as long as twenty years, and you are subject to a fine that may be $5,000, or it could be as high as $250,000.
 
 
 6
 Now, in advising you of the highest or the most severe penalty for this crime, the Court is not saying to you that it would impose this severe penalty if I accept your offer to plead guilty, but you must understand that I have the right to do that.
 
 
 7
 Now, knowing that I have the right to do it, do you still want to plead guilty?
 
 
 8
 Joint Appendix at 42-43.
 
 
 9
 The district court reviewed the terms of Faryman's plea agreement and specifically noted that the government would file a section 5K1.1 motion for downward departure from the sentencing guideline range if the defendant provided substantial assistance. In response, Faryman stated that he understood the consequences of a guilty plea but still wished to plead guilty.
 
 
 10
 After entry and acceptance of the plea, a presentence report was prepared which indicated that the defendant had previously been convicted of two crimes of violence thereby triggering the career offender enhancement.
 
 
 11
 On January 13, 1992, the United States filed a section 5K1.1 motion for downward departure based upon the defendant's substantial assistance to the FBI in solving three prior bank robberies.
 
 
 12
 On January 27, 1992, Faryman filed his objections to the presentence report. The defendant argued, inter alia, that it was improper not to disclose his career offender status prior to the entry of his guilty plea. Faryman argued that this prevented him from making a knowledgeable and informed decision regarding his plea agreement, and that, accordingly, he should not be classified as a career offender for sentencing purposes.
 
 
 13
 On February 28, 1992, the district court determined that there was no obligation to inform the defendant of the possibility of his being deemed a career offender and overruled his objection.
 
 
 14
 As a career offender, the district court determined Faryman's base offense level to be 32. The court then granted a two-level reduction for acceptance of responsibility, yielding an offense level of 30. The court then granted the government's motion for a four-level downward departure for Faryman's substantial assistance, yielding an adjusted offense level of 26. Combined with criminal history category VI, the defendant's offense level resulted in a sentencing range of 120-150 months.
 
 
 15
 The district court sentenced Faryman to 120 months in prison to be followed by three years supervised release, and ordered the defendant to pay $3,112 in restitution.
 
 
 16
 The defendant thereafter filed a timely notice of appeal.
 
 II.
 
 17
 The defendant argues that his plea was not fully informed or voluntary because the district court failed to comply strictly with Fed.R.Crim.P. 11(c)(1) by explaining how the sentencing guidelines would apply to his case. For the reasons that follow, we find that the district court's acceptance of the guilty plea did not violate Rule 11.
 
 
 18
 The Federal Rules of Criminal Procedure provide:
 
 
 19
 (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
 
 
 20
 (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense.
 
 
 21
 Fed.R.Crim.P. 11(c)(1). The Supreme Court has traditionally required sentencing courts to adhere meticulously to Rule 11 to ensure that a defendant's guilty plea is truly voluntary. McCarthy v. United States, 394 U.S. 459, 465 (1969). The Court's strict reading of Rule 11 has been modified, however, by the addition of a harmless error provision. See Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."). "A technical failure to comply with Rule 11 does not now require vacation of a plea and opportunity for a new plea." United States v. Syal, 963 F.2d 900, 904 (6th Cir.1992) (citing United States v. Stead, 746 F.2d 355, 356 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985)). A guilty plea will be enforced if the sentencing court has substantially complied with Rule 11. Id. However, "failure to comply with Rule 11 is harmless only if the variance from the procedures does not affect substantial rights." Id.
 
 
 22
 Pursuant to Rule 11(c)(1), the district court must inform the defendant that it is required to "consider any applicable sentencing guidelines." This "assures that the existence of guidelines will be known to a defendant before a plea of guilty ... is accepted." Fed.R.Crim.P. 11(c)(1), 1989 advisory committee's note. However, because it is impossible to know which guidelines will be relevant prior to the formulation of the presentence report, this rule "does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant" at the time of the plea hearing. Id.; see also United States v. Pearson, 910 F.2d 221, 223 (5th Cir.1990) (sentencing court need not "explain which guidelines will be relevant before accepting a plea"), cert. denied, 111 S.Ct. 977 (1991).
 
 
 23
 Faryman argues that the district court erred by not informing him that section 4B1.1, the career offender provision, might apply and serve to enhance his sentence. In Pearson, the Fifth Circuit rejected this same argument. The Pearson court noted that the advisory committee's note to Rule 11(c)(1) expressly relieves the district court of any such requirement. Moreover, the court refused to create an exception for guideline provisions like section 4B1.1 which have a significant impact on sentencing ranges. Accordingly, the district court did not err by failing to advise Faryman that section 4B1.1 may govern his sentencing.
 
 
 24
 The defendant also argues that the district court breached the Rule 11(c)(1) requirement that a court inform a defendant of the mandatory minimum sentence before accepting a guilty plea. Faryman argues that the court erred by not informing him that United States Sentencing Guideline § 4B1.1 sets a mandatory minimum sentence. The Fifth Circuit dismissed this same argument, however, holding that "Rule 11(c)(1) notice of mandatory minimum and maximum sentences has been construed to apply to statutory sentencing ranges, and not to guideline adjustments." Pearson, 910 F.2d at 223 (citing United States v. Salva, 902 F.2d 483, 486-87 (7th Cir.1990); United States v. Rivera, 898 F.2d 442, 447 (5th Cir.1990)). We find these cases to be well reasoned. The guidelines do not deprive a district court of all sentencing discretion. A court may, in fact, depart below the recommended range where there are mitigating circumstances "not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). Because there was no statutorily mandated minimum sentence applicable to Faryman, the district court did not violate Rule 11(c)(1) by failing to advise the defendant that U.S.S.G. § 4B1.1 may enhance his sentence.
 
 
 25
 It is clear that Rule 11(c)(1) requires the district court to inform a defendant that the sentencing guidelines apply to his case. Though the district court failed to advise Faryman specifically that the sentencing guidelines governed his sentencing, we find that this error does not require that Faryman's sentence be vacated or reduced because the court's oversight did not affect substantial rights.
 
 
 26
 In United States v. Ramos, 923 F.2d 1346 (9th Cir.1991), the court held that the district court's failure to inform the defendant of the applicability of the sentencing guidelines was harmless error where the defendant was advised of the statutory maximum and minimum sentences. Id. at 1357-58 (citing United States v. Fernandez, 877 F.2d 1138, 1142-44 (2d Cir.1989)). Faryman was informed that he could receive the 20-year maximum sentence. The district court's error under Rule 11(c)(1) should be deemed harmless error under the reasoning of Ramos. We believe this result is reinforced by the terms of the plea agreement which made specific reference to the sentencing guidelines, thereby alerting Faryman to the applicability of the sentencing guidelines before he entered his guilty plea. See Campbell v. Marshall, 769 F.2d 314 (6th Cir.1985) (plea agreement enforced where the district court failed to inform defendant specifically of his rights because defendant signed a document which discussed the applicable rights), cert. denied, 475 U.S. 1048 (1986). Though the district court failed to advise Faryman that the sentencing guidelines were controlling, the defendant and his attorney were on notice that the guidelines applied.
 
 
 27
 Moreover, Faryman agreed that the guidelines would govern the United States' motion for downward departure under section 5K1.1. Consequently, the defendant knew before he entered his guilty plea that the guidelines would control his sentence. Because the court's variance from Rule 11 did not affect substantial rights, we find that Faryman made an informed decision when entering the guilty plea.
 
 III.
 
 28
 We AFFIRM the district court's decision for the foregoing reasons.