NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0664n.06

No. 12-3702

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jul 18, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| MUSTAFFA SHABAZZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, CLAY, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Mustaffa Shabazz pled guilty to one count of credit card fraud and one count of mail fraud and was sentenced to thirty-seven months' imprisonment on each count, to be served concurrently. In his plea agreement, Shabazz stipulated that the amount of loss exceeded $30,000. As a result, the parties agreed that Shabazz's offense level should be increased by six levels pursuant to United States Sentencing Guidelines Manual § 2B1.1(b)(1)(D). On appeal, Shabazz claims that his counsel told him that the amount of loss would not affect the length of his sentence, when, in fact, if he had stipulated to an amount of loss less than $30,000, it would have resulted in an increase to his offense level of four, rather than six, levels. Shabazz contends that if he had known that the amount of loss would affect the length of his sentence, he would not have stipulated to an amount of loss over $30,000. Shabazz argues that the district court erred in three ways: (1) it inadequately scrutinized the knowing and voluntary nature

-1-

of Shabazz's plea because it failed to explain to Shabazz the impact of his stipulation; (2) it imposed an unreasonable sentence by relying on facts stipulated to in the plea agreement to calculate the amount of loss; and (3) it abused its discretion by denying Shabazz's motion to withdraw his guilty plea. Because the district court properly determined that Shabazz's plea was made knowingly and voluntarily and imposed a reasonable sentence, and Shabazz waived his right to appeal the district court's denial of his motion to withdraw his guilty plea, we affirm his conviction and sentence.

I.

A federal grand jury charged Shabazz and his co-defendant, Gary Bozeman, with one count of credit card fraud and aiding and abetting credit card fraud in violation of 18 U.S.C. §§ 2 and 1029(a)(2) and four counts of mail fraud and aiding and abetting mail fraud in violation of 18 U.S.C. §§ 2 and 1341. On September 29, 2011, Shabazz signed a plea agreement in which he agreed to plead guilty to one count of credit card fraud and one count of mail fraud. In a section entitled "Factual Basis and Relevant Conduct," Shabazz agreed that he "fraudulently obtained credit cards in the names of other individuals without their permission or knowledge and . . . used them to obtain merchandise, goods and services valued at approximately $34,261.00." The parties agreed to a base offense level of seven, pursuant to U.S.S.G. § 2B1.1(a)(1); an increase of six levels pursuant to U.S.S.G. § 2B1.1(b)(1)(D) because the amount of loss exceeded $30,000; and an increase of two levels because the offense involved an unauthorized access device. The government agreed to recommend a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The parties did not agree to a criminal history category. The plea agreement included the following appellate waiver:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the greater of any mandatory minimum sentence or the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court; or (c) the Court's determination of Defendant's Criminal History Category.

The day he signed the plea agreement, Shabazz appeared before a magistrate judge for a plea hearing. At the hearing, the court reviewed the Guidelines calculation with Shabazz by stating:

> The parties agree that the following calculation using the [2011] guideline manual represents a computation of the applicable offense level. Base offense level of 7, a loss of more than $30,000 increases the level by 6. Unauthorized access device increases the offense level by 2, which leaves a subtotal of 15 before acceptance of responsibility. And then the parties agree that no other guideline adjustments apply. Do you understand all of that?

Shabazz responded that he did. The court also asked Shabazz to read the factual basis and relevant conduct section of his plea agreement and asked Shabazz if every statement in that section was true and correct. Shabazz responded in the affirmative. The district court accepted the plea agreement on November 14, 2011. Thereafter, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR contained a total loss amount of $33,980.03.

On January 16, 2012, Shabazz filed a motion for a hearing to replace counsel, which was granted. The court held part of the hearing *in camera*. After the hearing went back on the record, Shabazz clarified that he was not asking to withdraw his guilty plea. In response, the court explained that in the plea agreement, Shabazz admitted that the amount of loss exceeded $30,000. Shabazz

responded: "Because my attorney advised me that it didn't make a difference, that the dollar amount didn't make a difference, but it does make a difference. After I received my PSI and I read it, it's a difference in points." The court granted Shabazz's request for new counsel.

On May 11, 2012, Shabazz filed a motion to withdraw his guilty plea, arguing that his original counsel was ineffective. He claimed that his counsel did not tell him that the amount of loss would affect the length of his sentence. Shabazz argued that he is responsible for an amount of loss less than $30,000, which would have increased his offense level by four levels, rather than six. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(C) (2011). The district court denied this motion on May 17, 2012.

Soon thereafter, the district court held a sentencing hearing. When given the opportunity to speak, Shabazz contested the amount of loss calculation in the PSR. However, the transcript of the sentencing hearing reveals confusion regarding the losses for which Shabazz disclaimed responsibility. Shabazz primarily contested losses to one individual, Mary Hunt. However, he also suggested that he was not responsible for certain losses to accounts of wireless providers.

In announcing its sentence, the court determined that the restitution and amount of loss each totaled $33,016.95. Accordingly, the court applied a total offense level of thirteen and criminal history category of five, and it sentenced Shabazz to thirty-seven months' imprisonment on each count, to be served concurrently.

## II.

As noted earlier, Shabazz argues that the district court erred in three ways: (1) it inadequately scrutinized the knowing and voluntary nature of Shabazz's plea because it failed to explain to

Shabazz the impact of his stipulation; (2) it imposed an unreasonable sentence by relying on facts stipulated to in the plea agreement to calculate the amount of loss; and (3) it abused its discretion by denying Shabazz's motion to withdraw his guilty plea. We address each argument below.

## A.

First, Shabazz argues that he received ineffective assistance of counsel because his attorney told him that the amount of loss would not affect the length of his sentence. However, he does not bring an ineffective assistance of counsel claim. Instead, he argues that the district court should have discovered his counsel's ineffective assistance during the plea hearing and corrected Shabazz's misunderstanding. To do so, Shabazz relies on the Supreme Court's decision, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), in which the Court held that a defendant received ineffective assistance of counsel when his attorney advised him to reject a plea offer. *Lafler*, 132 S. Ct. at 1391. In another case decided the same day, *Missouri v. Frye*, 132 S. Ct. 1399 (2012), the Supreme Court held that an attorney's performance fell below an objective standard of reasonableness when the attorney failed to communicate a written plea offer to the defendant before the offer expired. *Frye*, 132 S. Ct. at 1410. In both cases, the defendant raised his ineffective assistance claim in seeking post-conviction relief. *Lafler*, 132 S. Ct. at 1383; *Frye*, 132 S. Ct. at 1405. Shabazz suggests that "[t]his case offers a unique variation on *Lafler* and *Frye*." Specifically, Shabazz asserts that "[t]o ensure a knowing and voluntary plea, the district court should assess whether the defendant understands that the stipulated facts in the plea agreement can affect his guideline scoring and what the actual [e]ffects are." Shabazz urges us, "in the wake of *Lafler* and *Frye*, to clarify the obligations of district courts and counsel to ensure the validity of guilty pleas."

"A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). Federal Rule of Criminal Procedure 11 "is meant to ensure that the district court is satisfied that the defendant's plea is knowing, voluntary, and intelligent." *Id.* Rule 11 requires the district court to ensure that the defendant understands the rights that he gives up by pleading guilty, including the right to a jury trial and the right to be represented by counsel at trial. Fed. R. Crim. P. 11(b)(1)(C), (D). The district court must also inform the defendant of "the nature of each charge to which the defendant is pleading; [] any maximum possible penalty, including imprisonment, fine, and term of supervised release; [and] any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(G)–(I). Rule 11 does not require the court to inform the defendant of the applicable Guidelines or how the facts stipulated to in a plea agreement could affect the Guidelines calculation. *See United States v. Faryman*, 979 F.2d 852, No. 92-3247, 1992 WL 337515, at *3 (6th Cir. Nov. 13, 1992); *United States v. Jackson*, 462 F.3d 899, 902 (8th Cir. 2006); 1A Charles Alan Wright, et al., Federal Practice and Procedure § 177 (4th ed. 2013) ("[A] court is not obligated at the time of the plea to describe precisely how the Guidelines, or any particular provision of them, will apply to the defendant's specific case.").

Although *Lafler* and *Frye* recognize the Sixth Amendment right to effective representation during plea negotiations, *Hodges v. Colson*, 711 F.3d 589, 605 n.4 (6th Cir. 2013), these opinions do not suggest that this court should add to the requirements articulated by Rule 11. Requiring district courts to explain how the stipulated facts in a plea agreement could affect the Guidelines calculation would be an exercise in futility. Plea hearings take place before the preparation of the presentence investigation report and, depending on the stipulations to which the parties have agreed

in the plea agreement, the district court may have very little information about how the Guidelines apply to the defendant. At this stage, district courts cannot be expected to review the universe of sentencing possibilities as they relate to the stipulated facts with the defendant. We decline Shabazz's invitation to require district courts to explain how the stipulated facts in a plea agreement could affect the Guidelines calculation.

B.

Second, Shabazz argues that "[b]y relying on the tainted plea agreement, the district court gave weight to erroneous fact-finding—specifically the stipulation to the guideline scoring and the loss amount. Reliance on erroneous fact-finding is an abuse of discretion . . . and produced a substantively unreasonable sentence."[1]

We review "a district court's sentencing determination for reasonableness under a deferential abuse of discretion standard." *United States v. Cochrane*, 702 F.3d 334, 343 (6th Cir. 2012). A sentence must be both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is procedurally unreasonable if the court fails to calculate, or improperly calculates, the Guidelines range, treats the Guidelines as mandatory, selects a sentence based on clearly erroneous facts, or fails to adequately explain the sentence. *Id.* "Where a party has failed to object to a procedural defect, we review claims of procedural unreasonableness for plain error." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010). Although Shabazz states that he

---

[1]The government does not argue that Shabazz waived his right to appeal the district court's sentencing determination. We are not required to consider waiver *sua sponte* and decline to do so here. *Jones v. United States*, 689 F.3d 621, 624 n.1 (6th Cir. 2012); *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998) ("[A]s with any other argument, the government can forfeit a waiver argument by failing to raise it in a timely fashion.").

challenges the substantive reasonableness of his sentence, his challenge is properly characterized as one to the procedural reasonableness of his sentence because he argues that the district court based its sentence on erroneous facts, specifically those stipulated to in the plea agreement.

The parties dispute whether this court should apply the abuse of discretion or plain error standard of review. Resolution of this issue turns on whether Shabazz objected to the increase in his offense level based on an amount of loss that exceeded $30,000.[2] We need not decide whether Shabazz made a proper objection at the sentencing hearing because his challenge fails even under an abuse of discretion standard.

"[A] court relies on clearly erroneous facts when the sentencing judge relies upon erroneous information and the information in question appears to have been an important factor in determining the sentence." *United States v. Cunningham*, 669 F.3d 723, 730 (6th Cir. 2012) (internal quotation marks and alteration omitted). A factual finding is clearly erroneous when the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Lucas*, 640 F.3d 168, 173 (6th Cir. 2011). In the plea agreement, Shabazz admitted that he fraudulently obtained credit cards in the names of other individuals and used them to obtain merchandise and services valued at approximately $34,261. During the plea hearing, the court asked Shabazz to read the

---

[2]Before the sentencing hearing, Shabazz did not raise this objection, as required by Federal Rule of Criminal Procedure 32(f)(1). Shabazz's counsel also did not object at the sentencing hearing. However, when given an opportunity to speak at the hearing, Shabazz argued that he was not responsible for certain losses attributed to him in the PSR and that he should be held responsible for an amount of loss below $30,000. Federal Rule of Criminal Procedure 32(i)(1)(D) provides that at sentencing the district court "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." It is unclear from the record whether the district court interpreted Shabazz's statements as an objection.

factual basis and relevant conduct section of his plea agreement and asked Shabazz if every statement in that section was true and correct. Shabazz responded in the affirmative. The district court properly conducted the Rule 11 hearing and found that Shabazz's plea was made knowingly and voluntarily. Because Shabazz admitted that he was responsible for losses over $30,000 in the plea agreement and the plea was made knowingly and voluntarily, the district court was entitled to rely on his admission for purposes of calculating the amount of loss and did not abuse its discretion in imposing Shabazz's sentence. *United States v. Louchart*, 680 F.3d 635, 639 (6th Cir. 2012); *United States v. Kyle*, 24 F. App'x 447, 451–52 (6th Cir. 2001).

C.

Third, Shabazz argues that the district court abused its discretion by denying Shabazz's motion to withdraw his guilty plea because it was not made knowingly or voluntarily. Specifically, Shabazz claims that he did not understand the consequences of stipulating to an amount of loss over $30,000 in the plea agreement.

The government responds that Shabazz waived his right to appeal the district court's denial of his motion to withdraw. We agree. This court has held that "a valid plea agreement appellate waiver forecloses appeals arising from a district court's denial of a motion to withdraw the plea." *United States v. Smith*, No. 11-5882, 2013 WL 1798999, at *1 (6th Cir. Apr. 30, 2013) (citing *United States v. Toth*, 668 F.3d 374, 378–79 (6th Cir. 2012)). Shabazz does not challenge the validity of his appellate waiver. The waiver "expressly and voluntarily waive[d]" his right to appeal his conviction or sentence with three exceptions that do not apply here. Although the appellate waiver does not specifically mention a motion to withdraw, we have held that an appeal of a denial of a

motion to withdraw a guilty plea is an attempt to appeal a conviction and thus falls within a valid

appellate waiver.  *Toth*, 668 F.3d at 378.

III.

For the reasons provided above, we affirm Shabazz's conviction and sentence.