NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0215n.06

No. 25-3272

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 15, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| LORENZO D. WATSON, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) | |

Before: COLE, GRIFFIN, and READLER, Circuit Judges.

GRIFFIN, J., delivered the opinion of the court in which READLER, J., concurred. COLE, J. (pp. 7–8), delivered a separate opinion concurring in part and dissenting in part.

GRIFFIN, Circuit Judge.

While on federal supervised release, Lorenzo D. Watson was convicted in state court of murder, attempted murder, and felonious assault. The district court sentenced him to 24 months' imprisonment for these supervised release violations, set to run consecutive to his state sentences. On appeal, Watson argues his sentence is procedurally and substantively unreasonable and violates the Eighth Amendment. We disagree and affirm.

I.

In 2022, Watson pleaded guilty to possessing a firearm and ammunition as a felon. The district court sentenced him to 16 months' imprisonment followed by three years of supervised release.

Watson absconded while on supervised release and failed to maintain contact with his probation officer. He also went on a violent crime spree. Watson was convicted in state court of two counts of murder, two counts of felonious assault, and one count of attempted murder. For his two murder convictions, Watson was sentenced to life in prison with the possibility of parole after 30 years. His other state sentences for attempted murder and felonious assault were shorter, and the state court ordered them all to run concurrently. So, in theory, Watson could be paroled after serving a 30 year sentence for his state crimes.

In federal court, the only contested issue at the supervised release violation hearing was whether Watson's sentence would run concurrent or consecutive to his state sentences. Considering Watson's state sentences, his request for a concurrent sentence in federal court would result in no extra prison time for his supervised release violations. The government argued that Watson's sentence should be consecutive to any state sentence due to "the absolutely despicable and heinous nature of [Watson's] conduct" while out on supervised release. The government described how Watson shot one man in the back, a second in the stomach, a third in the face, and how he nearly caved in a fourth man's head.

As the district court imposed its sentence, it stressed that Watson's murder spree took place while the court was "responsible to the community for [him.]" The district court noted that, despite its 26 years on the bench, no one else had committed murder while on supervised release, and it explained that anything but a consecutive sentence would bring "disrespect" on the court. The district court then imposed a consecutive sentence of 24 months' imprisonment, which fell below the Guidelines range but at the statutory maximum. Watson objected to the consecutive nature of his sentence.

After the hearing, the district court issued a written order, explaining that it imposed the "sentence due to the violent nature of the offenses committed while on supervision." Watson appealed.

## II.

Watson argues that his sentence is procedurally and substantively unreasonable. We review challenges to the reasonableness of a sentence imposed after the revocation of supervised release for an abuse of discretion. *United States v. Morris*, 71 F.4th 475, 480 (6th Cir. 2023).[1]

### A.

To fashion a procedurally reasonable sentence, the district court must "properly calculate the [G]uidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). A district court does not need to "engage in [a] ritualistic incantation" of the § 3553(a) factors, nor must it "make specific findings relating to each of the factors considered." *United States v. Washington*, 147 F.3d 490, 490–91 (6th Cir. 1998) (citation modified). Moreover, a "within-the-Guidelines sentence announced in a terse manner is not necessarily unreasonable." *United States v. Glover*, 167 F.4th 417, 429 (6th Cir. 2026). The "law leaves much . . . to the judge's own professional judgment," especially when a matter is "conceptually simple." *Rita v. United States*, 551 U.S. 338, 356, 359 (2007).

---

[1]Watson and the government disagree on the applicable standard of review as to his procedural reasonableness challenge. Because the result would be the same under either standard, we review for abuse of discretion rather than plain error. *United States v. Shabazz*, 530 F. App'x 458, 463 (6th Cir. 2013).

Here, the "context and the record make clear" that the district court adequately considered the relevant § 3553(a) factors. *Id.* at 359. The district court highlighted the fact that Watson's supervised release violations were heinous, remarking that despite more than a quarter-century on the federal bench, no one else had "committed murder while on supervised release." The district court underscored the breach of trust by saying it "was responsible to the community" for Watson during his crime spree. The district court added that any other sentence would bring "disrespect" on the court. And its written order explains that the sentence was appropriate because of the "violent nature of the offenses committed while on supervision."

Between the sentencing transcript and the district court's written order, the record is sufficient to permit "reasonable appellate review." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006) (citation modified) ("This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable."). From all this, we can discern that the district court weighed the relevant factors—namely, the circumstances of the violations, their seriousness, and the need to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(C). The district court was well within its discretion to primarily rely on Watson's brutal crime spree, and it made it "generally clear" why it imposed a consecutive sentence. *United States v. Johnson*, 640 F.3d 195, 209 (6th Cir. 2011) (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)). Watson's sentence is procedurally reasonable.

B.

A sentence is substantively unreasonable if it is "too long" or if the court placed "too much weight on some of the § 3553(a) factors." *Rayyan*, 885 F.3d at 442. But a sentence is not substantively unreasonable simply because we "might reasonably have concluded that a different

sentence was appropriate." *Gall*, 552 U.S. at 51. We apply a rebuttable presumption that a within-Guidelines sentence is reasonable. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Watson argues his sentence is unreasonable because it "is greater than necessary to achieve the goals of sentencing under § 3553(a)," and the district court "put too much weight on the need to punish the new violation conduct." But Watson offers no analogous authority for these propositions. Watson asks us to conclude that a concurrent sentence may have been more appropriate, but this "is insufficient to justify reversal." *Gall*, 552 U.S. at 51.

Watson also argues that revocation of supervised release "is not meant to stack punishment." True, district courts "cannot consider § 3553(a)(2)(A) when revoking supervised release." *Esteras v. United States*, 606 U.S. 185, 195 (2025). Thus, they cannot consider "the seriousness of the offense," "respect for the law," or "just punishment for the offense" when imposing a sentence for a violation of supervised release. 18 U.S.C. § 3553(a)(2)(A). But the court can consider an offender's "breach of trust" while on supervised release, *Esteras*, 606 U.S. at 194 n.5, as well as the "seriousness and nature of the supervised release conduct," *United States v. Spence*, 167 F.4th 882, 892 (6th Cir. 2026). And that is what the district court did here without once referencing Watson's original felon in possession offenses when sentencing him. As for the nature of Watson's supervised release violations, a murder spree is undoubtedly a serious breach of trust, and the district court did not weigh it too heavily. *See United States v. Patterson*, 158 F.4th 700, 704 (6th Cir. 2025). So we discern no error on this front, either. Watson's within-Guidelines sentence is substantively reasonable.

III.

Watson avers that the district court violated the Eighth Amendment by imposing a

consecutive sentence, which he argues removes his possibility of parole. We review a constitutional challenge to a sentence de novo. *United States v. Moore*, 643 F.3d 451, 454 (6th Cir. 2011).

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. A sentence violates the Eighth Amendment when there is an "extreme disparity" between the crime committed and the sentence imposed. *Moore*, 643 F.3d at 454 (quoting *United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003)). But we "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem v. Helm*, 463 U.S. 277, 290 (1983). And a "sentence within the statutory maximum set by statute generally does not constitute cruel and unusual punishment." *Moore*, 643 F.3d at 455 (citation modified).

The district court imposed a within-Guidelines sentence of 24 months' imprisonment and determined the sentence should run consecutive to Watson's state sentence of life with the possibility of parole. Given the egregious nature of Watson's breach of trust while on supervised release, his sentence does not pose an unconstitutional disparity.

## IV.

For these reasons, we affirm the judgment of the district court.

COLE, Circuit Judge, concurring in part and dissenting in part. I concur in the majority's analysis and conclusion that the district court did not violate Watson's Eighth Amendment rights by imposing a consecutive sentence. Because I believe the district court failed to consider the applicable sentencing factors, however, I would vacate the district court's sentence and remand the case for resentencing. Thus, I respectfully dissent in part.

District courts maintain discretion in deciding whether to impose consecutive or concurrent sentences. 18 U.S.C. § 3584(a). But "in making the determination, courts must consider the § 3553(a) factors . . . and must make generally clear the rationale under which it has imposed the consecutive sentence." *United States v. Morris*, 71 F.4th 475, 483 (6th Cir. 2023) (citation modified). Although I agree with the majority opinion that the district court need not "engage in a ritualistic incantation" of the § 3553(a) factors, *see United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998) (citation modified), we must nonetheless find "'sufficient evidence in the record to affirmatively demonstrate the court's consideration of' the § 3553(a) factors." *United States v. Thomas-Mathews*, 81 F.4th 530, 545–46 (6th Cir. 2023) (quoting *United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006)). The record here lacks such evidence.

When sentencing Watson, the district court identified the Guidelines range of 24 months and noted that it could run Watson's sentence either consecutively or concurrently to his state sentences. The court underscored that Watson committed his new offenses while the district court "was responsible to the community for [his] behavior." (Supervised Release Violation Hr'g Tr., R. 59, PageID 233; *see also id.* at 237, 239.) And the court said that it was "not sentencing now . . . or considering sentencing Mr. Watson for [the violation] conduct." (*Id.* at PageID 236.)

Although the district court properly acknowledged the sentences available to Watson and considered the applicable Guidelines range, the record does not reflect that the court considered

the remaining factors set forth in § 3553(a) such as Watson's history and characteristics or the need for adequate deterrence and protection of the public. The district court's written order reinforces my conclusion. In its written order, the district court explained that it "imposed the sentence due to the violent nature of the offenses committed while on supervision." (Mins. & Order, R. 56, PageID 225.) It offered no further discussion of the § 3553(a) factors.

For its part, the government cites to its own statements during trial discussing Watson's "history of violence" and the need to "afford adequate deterrence and protect the public from future crimes" as evidence that the district court considered the § 3553(a) factors. (Appellee Br. 17 (quoting Supervised Release Violation Hr'g Tr., R. 59, PageID 234–35).) The district court, however, must explain the sentence it imposes, and it did not reference or adopt the government's statements. *See United States v. Thomas*, 498 F.3d 336, 340–41 (6th Cir. 2007) (explaining that a district court cannot only note the parties' arguments but must make clear its own reasoning on the record). The government's statements alone do not provide a sufficient explanation.

In my opinion, the district court abused its discretion by failing to discuss several of the § 3553(a) factors. I therefore conclude that Watson's sentence is procedurally unreasonable and would vacate his sentence and remand for resentencing.