NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0211n.06
Filed: April 23, 2008

Case No. 06-6328

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | EASTERN DISTRICT OF |
| v. | ) | TENNESSEE |
| | ) | |
| WILLIAM DANIEL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| ─────────────────────── | ) | |

**BEFORE: BATCHELDER and SUTTON, Circuit Judges; and BARZILAY, Judge.**[*]

**ALICE M. BATCHELDER, Circuit Judge.** William Daniel appeals his sentence, arguing that the district court miscalculated the advisory guideline range and that the sentence was otherwise unreasonable. For the reasons that follow, we AFFIRM the district court.

### I.

William Daniel supplied pseudoephedrine, a methamphetamine precursor chemical, to coconspirators who manufactured methamphetamine. The federal grand jury indicted him on a charge of Conspiracy to Manufacture 500 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii), which carry a statutory minimum sentence of 240 months in prison. Daniel entered a guilty plea and proceeded to sentencing. It is noteworthy that, by pleading guilty to this charge, he admitted the factual predicate of the charge, and specifically,

---

[*]The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

that he had participated in the production of over 500 grams of methamphetamine. *See United States v. Burgin*, 388 F.3d 177, 182 (6th Cir. 2004) (a guilty plea is an admission of the facts charged in the indictment); *United States v. Parker*, 292 F.2d 2, 3 (6th Cir. 1961) ("A plea of guilty by a [defendant] in open court . . . admits all facts alleged in the indictment.").

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"), which included a determination of the "Drug Quantity Attributable to the Defendant." In the PSR, the officer used pharmacy records seized by police during the investigation to tabulate Daniel's pseudoephedrine purchases, and then used the § 2D1.1 Drug Equivalency Tables to convert the pseudoephedrine total into a marijuana equivalency of 350.4 kg. But the officer did not use the conversion in further calculations, explaining:

> Mr. Daniel is responsible for manufacturing or helping to manufacture at least 500 grams of methamphetamine mixture. As a result, his base offense level is 32 (based upon a quantity of 500 grams or more, but less than 1.5 kilograms of methamphetamine mixture).

After the officer applied a three-level reduction for acceptance of responsibility, Daniel's offense level was 29. Daniel's nine criminal history points, attributable to his three prior drug convictions, placed him in criminal history category IV. The officer explained in the PSR:

> Based on a total offense level of 29 and a criminal history category of IV[,] the [advisory] guideline range for imprisonment is 121 to 151 months. However, because the statute requires imposition of a minimum term of 20 years [240 months], the effective guideline term is 240 months.

When Daniel objected to the drug quantity calculation in the PSR, insisting that he was accountable for only a much lower quantity (17 grams), the probation officer responded:

> Mr. Daniel has pled guilty to conspiracy to manufacture in excess of 500 grams of methamphetamine. If he does not believe he is guilty of this offense, he may wish to ask the Court to allow him to withdraw his plea of guilty in this case.

Daniel did not seek to withdraw his plea, but proceeded to sentencing.

At sentencing, Daniel again objected to the drug quantity calculation and, after some discussion about Daniel's argument, the court concluded that the PSR had correctly stated the facts and calculated the advisory range. Thus, Daniel's offense level of 29 and criminal history of IV led to an advisory range of 121 to 151 months of incarceration, but the statutory minimum set the effective range at 240 months. The PSR set the base offense level at 29 based on Daniel's plea of guilty to the charge of manufacturing at least 500 grams of methamphetamine, not because of the equivalency calculation. The discussion about equivalency calculations was therefore irrelevant.

The government filed a § 5K1.1 motion for downward departure for substantial assistance. The court granted the motion, departed below the statutory minimum (240 months), and sentenced Daniel to 151 months in prison. Daniel appealed.

## II.

Daniel argues that the district court erred by considering the ratio of precursor chemicals to methamphetamine in the Drug Equivalency Tables, U.S.S.G. § 2D1.1, when calculating his base offense level. But, as we have already explained, the probation department — and, by extension, the district court — calculated Daniel's base offense level based on Daniel's plea of guilty to the charge of manufacturing at least 500 grams of methamphetamine, not based on equivalency calculation. This assignment of error is patently baseless.

Daniel also contends that his sentence was unreasonable, on the theory that other (more culpable) codefendants received less time in prison. Daniel does not claim that his sentence of 151 months — 89 months *below* the mandatory minimum — is unreasonable standing alone. And, he has not offered any evidence that the codefendants were actually more culpable or otherwise

similarly situated. For instance, the judge acknowledged during sentencing that one of his considerations was Daniel's history of drug offenses; Daniel has not shown that his codefendants had similar drug histories. Furthermore, Daniel has offered no legal support for his allegation that any alleged inconsistency in sentencing necessarily renders his particular sentence unreasonable.

## III.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.