**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0773n.06

No. 10-3088

| | | FILED |
|---|---|---|
| **UNITED STATES COURT OF APPEALS** **FOR THE SIXTH CIRCUIT** | | ***Nov 18, 2011*** |
| | | LEONARD GREEN, Clerk |

UNITED STATES OF AMERICA,            )
                                     )
      **Plaintiff-Appellee,**        )        ON APPEAL FROM THE
                                     )        UNITED STATES DISTRICT
v.                                   )        COURT FOR THE NORTHERN
                                     )        DISTRICT OF OHIO
DAVID E. GROPPI, SR.,                )
                                     )
      **Defendant-Appellant.**       )        **O P I N I O N**
_____)

Before:  **DAUGHTREY, MOORE, and McKEAGUE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**  David E. Groppi ("Groppi") pleaded guilty to one count of mail fraud in connection with an insurance-fraud scheme.  The United States Probation Office calculated a Total Offense Level of 20 and a Criminal History Category of VI in the Presentence Report ("PSR"), and recommended a sentence of seventy to eighty-seven months of imprisonment.  At sentencing, Groppi was granted a downward departure to a Criminal History Category V, thereby adjusting the guidelines range to sixty-three to seventy-eight months of imprisonment.  The district judge imposed a sentence of sixty-eight months of imprisonment. Groppi timely appeals and challenges the reasonableness of his sentence.  Because we conclude that the sentence imposed by the district court was not unreasonable, we **AFFIRM**.

## I. BACKGROUND

From January 2003 through May 2004, Groppi operated a fraudulent-insurance scheme. Groppi represented himself as an insurance agent for United Health Insurance Plans ("United"), a company not licensed to sell insurance in Ohio,[1] and collected premiums from individuals and small businesses for nonexistent health-care plans. In furtherance of the scheme, Groppi sent his clients falsified insurance cards and billing statements by mail. He also provided clients with detailed instructions for payment and submission of claims. Groppi contends that his original intent was to provide clients with "mold[ed]" insurance plans, which would offer significantly lower premiums by patching together products offered by various insurance providers. R. 25 (Sent. Tr. at 21:15-23). Groppi stated that when he found himself unable to secure the third-party coverage for his clients, "a snowball situation" ensued. *Id.* at 21:24-22:11.

In January 2004, the Ohio Department of Insurance Enforcement Unit ("ODI") began investigating Groppi and learned of his fraudulent-insurance scheme. On April 28, 2009, Groppi was indicted on one count of mail fraud, to which he pleaded guilty on August 12, 2009. The indictment specified that approximately one hundred individuals were harmed as a result of Groppi's conduct and that in addition to $142,560.76 of losses in the form of premium payments, victims also suffered losses resulting from unpaid medical bills totaling $138,015.16.

At sentencing, neither party objected to the PSR's calculation of a Total Offense Level of 20 and a Criminal History Category VI. However, Groppi requested a downward departure on two

---

[1]Groppi himself, however, was licensed to sell insurance in Ohio.

grounds: (1) overstatement of his criminal history and (2) family responsibilities and ties pursuant to U.S.S.G. § 5H1.6. The district judge granted a downward departure with respect to the former ground by adjusting Groppi's Criminal History Category to V. However, the district court declined to grant a downward departure pursuant to U.S.S.G. § 5H1.6 finding that Groppi "simply does not present [an] extraordinary case" of familial hardship. R. 25 (Sent. Tr. at 19:10).

The district judge then imposed a sentence of sixty-eight months of imprisonment followed by three years of supervised release, which was within the guidelines range. The district court also denied Groppi's request for a recommendation for drug and alcohol treatment. In deeming this sentence appropriate, the district judge noted the "incredibly serious, and incredibly heinous" nature of Groppi's unlawful actions, *id.* at 31:10-11, as well as Groppi's history of recidivism, *id.* at 31:23-32:19. The court also noted that Groppi had engaged in criminal conduct victimizing his own son, which made it "really difficult to entertain any argument regarding family ties and responsibilities." *Id.* at 32:19-20. On April 12, 2010, pursuant to a procedure agreed upon by the parties at sentencing,[2] the district court ordered restitution in the amount of $435,075.

Groppi timely appeals his sentence.

---

[2]During sentencing the district court granted, at both parties' agreement, a ninety-day continuance to allow the government to calculate the proper amount of restitution. The government submitted a motion to this effect, which was unopposed by Groppi, and that motion served as the basis for the district court's restitution order.

## II. ANALYSIS

### A. Standard of Review

We review the reasonableness of district court sentencing determinations "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Sentences within the guidelines range are presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc).

### B. Reasonableness of Sentence

#### 1. Number of Victims and Amount of Losses

Groppi contends that the district court committed error by over-ascribing the number of victims and amount of losses in determining his sentence. However, Groppi unconditionally pleaded guilty to an indictment that specified harm to approximately one hundred individuals and losses totaling more than $200,000. "The Supreme Court has held that when a defendant voluntarily and knowingly enters a guilty plea, that individual admits all averments of fact in the indictment." *United States v. Kyle*, 24 F. App'x 447, 451 (6th Cir. 2001) (unpublished opinion) (citing *Tollett v. Henderson*, 411 U.S. 258, 260-67 (1973)); *see also United States v. Burgin*, 388 F.3d 177, 182 (6th Cir. 2004), *cert. denied*, 544 U.S. 936 (2005) ("A plea of guilty by a prisoner in open court . . . admits all facts alleged in the indictment") (internal quotation marks omitted). Because Groppi does not challenge the validity of his plea, there is no doubt that Groppi has already admitted the facts he now attempts to contest. Because Groppi may not reverse his position on appeal in this manner, we

conclude that this claim is without merit.[3] *See United States v. Sedore*, 512 F.3d 819, 827 (6th Cir. 2008) ("It would be unreasonable to allow a defendant to admit to a particular fact during sentencing, and then argue against the existence of that fact on appeal.").

## 2. Downward Departures

Groppi also argues that the district court should have granted further downward departures with respect to his overstated criminal history and his asserted extraordinary family circumstance. "This court generally does 'not review a district court's decision not to depart downward unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure.'" *United States v. Johnson*, 553 F.3d 990, 999 (6th Cir. 2009) (quoting *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir.), *cert. denied*, 129 S. Ct. 469 (2008)); *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007) (recognizing applicability to departures claimed pursuant to U.S.S.G. § 5H1.6). Given that the district court granted a downward departure with respect to criminal history, the court was clearly aware of its discretion in this regard. Although the district court did not grant a departure based on family circumstance, the court evidenced its understanding of its discretion to do so by explaining why such a departure was not appropriate. R. 25 (Sent. Tr. at 19:1-16) ("There is just not an extraordinary situation presented to me that I should grant a downward departure for family responsibilities and ties."). Accordingly, this issue is not appropriate for our review.

---

[3]Groppi also explicitly withdrew any objections as to the amount of losses inflicted on the victims at sentencing, and filed no objections to the government's restitution motion asserting total claims above $200,000.

### 3. Consideration of § 3553(a) factors

Groppi argues that the district court failed properly to consider and apply the 18 U.S.C. § 3553(a) factors. This argument is also unfounded. The district court clearly explained that the sentence was appropriate in light of the serious nature of Groppi's offense coupled with Groppi's protracted history of criminal activity involving fraud and deceit. *Id.* at 31:11-15 ("When I read the statements from the victims, it absolutely was so disturbing that no amount of time was sufficient punishment. That was my knee jerk reaction when I read the statements from these victims."). The court emphasized that Groppi, even after receiving punishment and early release on another conviction, continued to violate the law and victimize others, including his own son. Thus, the district court properly considered the need for "just punishment" and "adequate deterrence" as well as public safety in fashioning the appropriate sentence. 18 U.S.C. § 3553(a). Moreover, given Groppi's lack of a history of alcohol and drug abuse, it was not unreasonable for the district court to decline to recommend drug and alcohol treatment. Thus, Groppi has failed to overcome the presumption of reasonableness afforded to his within-guidelines sentence.

### III. CONCLUSION

Because we conclude that the district court's sentence of sixty-eight months of imprisonment was not unreasonable, we **AFFIRM** the judgment of the district court.