*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0159p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————————

UNITED STATES OF AMERICA,
　　　　　　　　　　*Plaintiff-Appellee,*

　　　*v.*

MICHAEL LOUCHART,
　　　　　　　　　　*Defendant-Appellant.*

No. 10-1416

————————————

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 08-20133-004—Nancy G. Edmunds, District Judge.

Argued: November 30, 2011

Decided and Filed: May 25, 2012

Before: GILMAN, ROGERS, and STRANCH, Circuit Judges.

————————————

**COUNSEL**

**ARGUED:** Barbara A. Klimaszewski, KLIMASZEWSKI & STREET, Saginaw, Michigan, for Appellant. Andrew Goetz, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Barbara A. Klimaszewski, KLIMASZEWSKI & STREET, Saginaw, Michigan, for Appellant. Shane N. Waller, ASSISTANT UNITED STATES ATTORNEY, Bay City, Michigan, for Appellee.

————————————

**OPINION**

————————————

ROGERS, Circuit Judge. Michael Louchart appeals the sentence imposed following his guilty plea to two counts of receiving and selling stolen firearms. He argues that the district court erred by enhancing his sentence based on the number of firearms charged in the indictment, even though Louchart had not admitted receiving that number at the plea hearing. Because the guilty plea does not constitute an admission of

1

facts included in the indictment that were not necessary to sustain the conviction, and Louchart did not otherwise admit the facts in question, Louchart's sentence must be vacated and the case remanded to the district court for further proceedings.

Louchart was charged with conspiracy to steal firearms in violation of 18 U.S.C. § 922(u), arising from a breaking and entering at Joe Gun, Inc., on February 5, 2008 (count one); and two counts of receiving and selling stolen firearms in violation of 18 U.S.C. § 922(j) and 2(a) (counts four and five). According to the indictment, count four involved more than 50 firearms, and count five involved approximately 25 firearms. Louchart pled guilty to counts four and five without a plea agreement.

At the plea hearing, the district court asked Louchart to describe what he did that constituted the crimes to which he was pleading guilty in order to establish a factual basis for the plea. Louchart responded: "Well, a couple guys I know of brought me some guns, 13 revolvers and three long guns,[1] and I sold them. And I knew they were stolen." Though the prosecutor asked a clarifying question about the date the sales occurred, she did not ask about the number of guns exchanged and sold. Neither of the parties, nor the court, noted the discrepancy between the number of firearms charged in the indictment and the number admitted to by Louchart during the plea hearing. Indeed, no reference was made at all at the plea hearing to the number of firearms charged in the indictment. After Louchart gave his response, the district court stated that it was "satisfied with Mr. Louchart's explanation of the events."

The presentence report (PSR) attributed more than 200 firearms to Louchart based on the total number of firearms involved in the theft underlying the conspiracy count. Under this theory, Louchart, while not participating in the break-in, advised the others on how to avoid detection and offered to sell the stolen firearms. This determination resulted in a ten-level increase to Louchart's base offense level. *See* USSG § 2K2.1(b)(1)(E). Louchart objected to the enhancement, arguing that he was not involved in the break-in and that the enhancement should be based on the number of

---

[1] Although Louchart stated that he had 16 guns at the plea hearing, on appeal he consistently refers to 17 guns.

firearms that he possessed and sold, which he claimed was 17.  The probation officer declined to change the PSR, stating that the description of the offense conduct was accurate and that Louchart "should at least be held accountable" for the 75 firearms to which he pleaded guilty.  Based on a total offense level of 31 and a criminal history category of VI, the PSR calculated Louchart's guideline range of imprisonment as 188 to 235 months.

At sentencing, before a different district court judge, defense counsel objected to the ten-level enhancement.  Although the district court agreed that the total number of stolen firearms should not be attributed to Louchart, the court ultimately concluded that Lochart should be held accountable for the 75 firearms charged in the indictment because he "affirmatively pled guilty to those counts."  Defense counsel argued that because the factual basis set forth in the plea did not support the number of guns being attributed to Louchart, he should be able to withdraw his plea.  The district court refused, noting that "if there was a question about the guns in Counts 4 and 5 . . . then he shouldn't have pled guilty to them."  The district court calculated Louchart's total offense level as 27 and his guideline range as 130 to 162 months. *See* USSG § 2K2.1(b)(1)(C).  The district court sentenced Louchart to consecutive terms of 120 months on count four (the statutory maximum) and 42 months on count five, for a total of 162 months of imprisonment, to be followed by three years of supervised release.

On appeal, Louchart argues that the district court erred by relying on the number of firearms charged in the indictment without making the factual findings required by Federal Rule of Criminal Procedure 32.  Louchart furthers contends that he is entitled to resentencing based on the 17 firearms that he admitted possessing at the plea hearing, which would result in a total offense level of 25 and a guideline range of 110 to 137 months.  In the alternative, Louchart argues that he should be allowed to withdraw his plea because the factual basis established at his plea hearing did not support a finding that he received and sold the 75 firearms listed in the indictment.

To the extent that Louchart argues that he can be held accountable at sentencing only for the 17 guns that he admits possessing and selling, the law does not support such

a limit. A district court may enhance a sentence based on relevant conduct so long as its factual findings are supported by a preponderance of the evidence and the sentence imposed does not exceed the statutory maximum. *See United States v. White*, 551 F.3d 381, 384-85 (6th Cir. 2008).

Louchart's guilty plea, however, should not have been treated as an admission of the quantity of firearms stated in the indictment. The quantity of firearms involved was not an element of the offense, and the quantity of firearms alleged in the indictment was not admitted by Louchart at the plea hearing or in a plea agreement. Admission of facts from a guilty plea is limited to elements of the crime charged or those explicitly admitted to by the defendant. The Supreme Court for instance has carefully stated the scope of a guilty plea admission: "a guilty plea is an admission of all the *elements* of a formal criminal charge." *McCarthy v. United Sates*, 394 U.S. 459, 466 (1969) (emphasis added). The Supreme Court has also described guilty pleas as "comprehend[ing] all of the factual and legal elements necessary to sustain a *binding, final judgment* of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989) (emphasis added). This limited language strongly suggests that a guilty plea does not constitute an admission of facts included in an indictment when those facts were not necessary to sustain a conviction. It follows that these facts cannot be used to increase a defendant's sentence without the district court's first determining that the facts are supported by a preponderance of the evidence.

This conclusion is supported by the Ninth Circuit's well-reasoned holding in *United States v. Cazares*, 121 F.3d 1241, 1248 (9th Cir. 1997). In *Cazares*, the defendant pled guilty to a drug conspiracy charge under 21 U.S.C. § 846. *Id.* at 1246. The indictment included alleged "overt acts" in furtherance of the conspiracy, including gun possession, which were not elements of the offense under § 846. On appeal, the defendant challenged the district court's decision that a two-level increase in his base offense level was warranted as a result of the gun possession alleged in the indictment.

Although the Ninth Circuit recognized that it had previously "consistently held that a defendant's plea of guilty conclusively admits all factual allegations of the

indictment," *id.*, the court explained that in those previous cases, the indictment allegations deemed admitted in fact constituted essential elements of the crimes charged. Therefore, the court held that "[t]he inference to be drawn from these decisions is that allegations not necessary to be proved for a conviction . . . are not admitted by a plea." *Id.* at 1247. The Ninth Circuit further reasoned that "[a]ny other rule would be inconsistent with the rationale . . . that 'the effect of a guilty plea is the same as if defendant had been tried before a jury and had been found guilty on evidence covering all of the material facts.'" *Id.* (citing *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1971)) (alterations omitted). If this were not the rule, a "guilty plea would be given greater effect than [a defendant's] conviction of the same offense after a jury trial." *Cazares*, 121 F.3d at 1247.

Of course, limiting the admission of facts from a guilty plea to elements of the crime charged or those explicitly admitted to by the defendant does not keep the government from supporting a sentence with related conduct. Instead, with respect to alleged conduct not necessarily admitted, the government is required to "follow the normal procedure of proving relevant conduct at sentencing by a preponderance of the evidence." *Id.* at 1248.

Other circuit courts have also declined to construe a guilty plea as an admission to non-essential facts in the indictment that did not constitute an element of the crime charged and were not specifically admitted by the defendant. The Fourth Circuit reasoned in *United States v. Bullard,* 645 F.3d 237, 247 (4th Cir. 2011), that "[e]ven after pleading guilty, a defendant retains the right during sentencing to challenge alleged drug quantities for sentencing purposes." The Seventh Circuit held in *United States v. Hernandez*, Nos. 93-2198, 93-2199, 1994 WL 36803, at *6 (7th Cir. Feb. 8, 1994), that "for sentencing purposes, the factual allegations contained in the indictment are not established irrefutably simply because the defendant pleaded guilty to the indictment." *See also United States v. Gilliam*, 987 F.2d 1009, 1013-14 (4th Cir. 1993) (holding that, although the indictment specified that the conspiracy distributed 30 kilograms of cocaine, the amount should not be attributed to a particular defendant).

In a case similar to Louchart's, *United States v. White*, 408 F.3d 399, 402-03 (8th Cir. 2005), the Eighth Circuit, while rejecting the Ninth Circuit's strict requirement that a guilty plea admits only facts that are elements of the crime, nonetheless ruled that where the defendant stated at his plea hearing that he did not agree with all of the facts recited in the indictment, the defendant was not bound for sentencing purposes by the facts in the indictment. In *White*, the defendant pled guilty to all counts in a thirty-eight count indictment alleging various activities related to a drug-distribution conspiracy under 21 U.S.C. §§ 841(a)(1), 846. At his plea hearing, the defendant admitted that the government could prove "all essential elements of the crime charged," but explicitly stated that he did "not agree with all of the manner and means set out" in the indictment. *Id.* at 401. Despite these objections, the district court relied on facts in the manner-and-means section to support various sentencing enhancements. *Id.* at 402. On appeal, the Eighth Circuit held that while the court had previously held that defendants were "bound at sentencing by facts alleged in an indictment to which they pleaded guilty," *id.*, the situation in *White*, like in *Louchart*, was distinguishable because the defendant at the plea hearing had indicated that he did not agree with all the facts in the manner-and-means section of the indictment. However, the Eighth Circuit ultimately held under plain-error review that the error did not substantially influence the outcome, because in addition to the allegations in the indictment the district court also made specific findings based on evidence at the sentencing hearing, including audio recordings and testimony from co-defendants. *Id.* at 403.

It is true that this court has stated broadly that a guilty plea admits "all facts alleged in the indictment," e.g., *United States v. Parker*, 292 F.2d 2, 3 (6th Cir. 1961), but we have not done so in cases like the present one where the facts asserted in the indictment were challenged at sentencing and were not required elements of the indicted offense to which the defendant pled. *Parker*, for instance, was a brief opinion that affirmed the denial of a motion to vacate under 28 U.S.C. § 2255 without discussing the facts of the case. *United States v. Taylor*, 627 F.3d 1012, 1017-18 (6th Cir. 2010), involved a defendant's admitting the intent element in a charged carjacking. In *United States v. Martin*, 526 F.3d 926, 934 (6th Cir. 2008), we held that the defendant

sufficiently pled to the "interstate" element of 18 U.S.C. § 922(g).  In *United States v. Daniel*, 275 F. App'x 485, 486 (6th Cir. 2008), defendant had admitted the amount of meth on a charge of Conspiracy to Manufacture 500 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii).  And *United States v. Leachman*, 309 F.3d 377, 385 (6th Cir. 2002), involved the admission of an amount of marijuana grown following the defendant's charge under 21 U.S.C. § 841, which specifies amounts.  None of these cases involved facts that were not necessary to the plea of guilty to the indicted charge.

Cases are also distinguishable in which we have relied on facts that were specifically admitted by the defendant in a plea agreement, see *United States v. Kyle*, 24 F. App'x 447, 451 (6th Cir. 2001), or were not objected to by the defendant, see *United States v. Groppi*, 440 F. App'x 493, 495-96 (6th Cir. 2011).  In *Groppi*, the defendant was charged with one count of mail fraud, in violation of 18 U.S.C. § 1341.  The indictment specified that the defendant had caused harm to one hundred individuals with losses totaling more than $200,000.  As in Louchart's case, the disputed facts averred to in the indictment—the number of individuals harmed and the extent of the losses—did not constitute an element of the crime.  However, unlike Louchart, the defendant in *Groppi* did not object to the facts in the indictment at the sentencing hearing, whereas Louchart raised objections both to the PSR calculation of 200 guns and, during sentencing, to the number put forth in the indictment.  More importantly, the facts discussed at Louchert's plea hearing  (17 firearms), which neither party objected to, differed from the number put forth in the indictment (75 firearms).

Under the circumstances, Louchart's guilty plea did not, by itself, amount to an admission of responsibility for the 75 firearms charged in the indictment.  *See Gilliam*, 987 F.2d at 1013.  Accordingly, the district court should not have attributed 75 firearms to Louchart for sentencing purposes based solely on the indictment without ruling on Louchart's objections to the PSR and determining whether that number was supported by a preponderance of the evidence.  As we explained in *United States v. Ross*, 502 F.3d 521, 531 (6th Cir. 2007), "Federal Rule of Criminal Procedure 32(i)(3)(B) requires the

district court at sentencing to rule on any disputed portion of the presentence report or other controverted matter." Because a finding of 75 firearms, rather than the 17 guns Louchart admitted to at the plea hearing, resulted in a two-level enhancement of Louchart's total offense level, this error was not harmless, see USSG § 2K2.1(b)(1)(B) &(C), Fed. R. Crim. P. 52(a), and remand is warranted.

We accordingly vacate Louchart's sentence and remand for resentencing in accordance with this opinion. Although the government bears the burden of production and persuasion in supporting sentencing enhancements, the district court's reliance on the indictment obviated the Government's need to present further evidence. On remand, therefore, the court may allow the Government to present further evidence regarding the number of firearms involved in Louchart's related conduct. The district court should determine, by a preponderance of the evidence, the number of firearms that may be properly attributed to Louchart, ascertain the proper Guidelines range, and then sentence in accordance with §3553.