NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0715n.06

Case No. 13-1864

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Sep 10, 2014 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MICHAEL LOUCHART, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

BEFORE:  SILER, BATCHELDER and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD**, **Circuit Judge**.  Michael Louchart appeals the district court's amended judgment sentencing him to 162 months' imprisonment based on his pleading guilty to two counts of receiving and selling stolen firearms.  Louchart has previously appealed his sentence for these offenses.  In his first appeal, we held that Louchart's guilty plea did not, in and of itself, permit the district court to apply U.S.S.G. § 2K2.1(b)(1)(C)'s sentencing enhancement for an offense involving at least twenty-five firearms, vacated Louchart's initial 162-month sentence, and remanded for resentencing.  *United States v. Louchart*, 680 F.3d 635, 637-40 (6th Cir. 2012).  On remand, the district court held a hearing at which the government presented statements from three of Louchart's coconspirators.  Based on this evidence, the

district court found by a preponderance of the evidence that Louchart's offense involved more than twenty-five firearms and resentenced him to 162 months. We **AFFIRM**.

I.

Louchart was indicted on charges of conspiracy to sell firearms, in violation of 18 U.S.C. § 371 (count one), and two counts of receiving and selling stolen firearms, in violation of 18 U.S.C. § 922(j) (counts four and five), based on his helping to fence guns that had been stolen from Joe Gun, Inc. Louchart pleaded guilty to the § 922(j) violations in counts four and five without a written plea agreement. According to the indictment, count four involved more than fifty firearms, and count five involved approximately twenty-five firearms. During Louchart's plea colloquy, however, he stated that he had only sold sixteen firearms.[1] Based on this admission, Louchart argued at sentencing that his offense involved only eight to twenty-four firearms and thus that he should be subject to a four-level enhancement under U.S.S.G. § 2K2.1(b)(1)(B), rather than the ten-level enhancement under § 2K2.1(b)(1)(E) for an offense involving at least 200 firearms as calculated in his Presentence Report.

The district court concluded that Louchart should be held accountable for the seventy-five firearms charged in counts four and five of the indictment because he "affirmatively pled guilty to those counts." Over Louchart's objection that the factual basis for his plea did not support that number of firearms and his argument that he should be able to withdraw his plea, the district court applied U.S.S.G. § 2K2.1(b)(1)(C)'s six-level enhancement because Louchart's offense involved twenty-five to ninety-nine firearms. That finding placed Louchart's guideline range at 130 to 162 months. The district court sentenced Louchart to 162 months' imprisonment.

---

[1]Since this testimony, Louchart has regularly claimed to have sold seventeen firearms.

Louchart appealed to this Court, raising two issues: (1) that he should have been permitted to withdraw his guilty plea, because he was sentenced for receiving and selling seventy-five firearms, rather than the sixteen to which he admitted at his plea hearing; and (2) that the district court should not have treated his guilty plea as admitting to all the firearms listed in the indictment. *Louchart*, 680 F.3d at 637 (6th Cir. 2012). We rejected his first argument. *Id*. On Louchart's second claim, we held that a guilty plea admits only the facts supporting the elements of the crimes charged, and, for Louchart, the elements of the crimes charged did not include a particular number of firearms. *Id*. at 637-40. We vacated Louchart's sentence and remanded for resentencing. *Id*. at 640. We explained, however, that the district court could permit the government to "present further evidence regarding the number of firearms" and instructed the district court to "determine, by a preponderance of the evidence, the number of firearms that may be properly attributed to Louchart, ascertain the proper Guidelines range, and then sentence in accordance with [18 U.S.C.] § 3553." *Id*.

## II.

At Louchart's resentencing, the government presented recorded statements from three of Louchart's coconspirators—Wayne Parcham, Matthew Stevens, and Zachary Stevens—to establish that Louchart had helped sell at least sixty stolen firearms. Each of these statements was given independently and each corroborated the others. Zachary Stevens, who, along with his cousin Matthew Stevens, had robbed the Joe Gun store, provided a detailed account of how he, his cousin, and Louchart had sold roughly ten semiautomatic handguns to several different buyers and then sold the remaining twenty-five to thirty semiautomatic handguns to a single buyer named "Kevin." Zachary said that he and Matthew gave Louchart the rest of the firearms—approximately twenty-two revolvers and several long guns—to sell and then repay

them. For his part, Matthew Stevens explained that he, Zachary, and Louchart had sold twenty to thirty guns to "Kevin" at a house which Matthew identified in a photograph. Matthew also said that he and Zachary had given Louchart between thirty and forty guns to sell. Wayne Parcham, who bought three stolen firearms from Louchart, stated that Louchart had approached him about buying some guns and had showed him two large duffel bags, which Parcham estimated contained sixty to eighty guns of different types.

Citing these statements, the district court found "by a preponderance of the evidence that Mr. Louchart was involved with somewhere in the neighborhood of 60 to 80 guns." The district court stated that the threshold for the six-level enhancement under § 2K2.1(b)(1)(C) was twenty-five firearms, which was comfortably below the quantity identified by Louchart's coconspirators. Accordingly, the district court applied § 2K2.1(b)(1)(C)'s enhancement, again calculated Louchart's guideline range as 130 to 162 months, and resentenced Louchart to 162 months' imprisonment. This appeal ensued.

III.

Louchart again challenges his sentence, arguing that the district court erred in relying on insufficient and unreliable evidence to again impose his original sentence, and suggesting that this Court should reconsider the use of the preponderance of the evidence standard in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). These arguments are unavailing.

We review a defendant's sentence, including the district court's Guidelines calculation, for procedural reasonableness and review the district court's factual findings for clear error. *E.g.*, *United States v. Hunt*, 487 F.3d 347, 350 (6th Cir. 2007). At sentencing, a district court may consider hearsay to resolve contested facts. *See* Fed. R. Evid. 1101(d)(3); *United States v.*

*Katzopoulos*, 437 F.3d 569, 574-76 (6th Cir. 2006). "As long as the admitted hearsay testimony has 'some minimal indicium of reliability beyond mere allegation,' a district court may rely on the testimony [at sentencing] without violating due process." *United States v. Cohen*, 515 F. App'x 405, 412-13 (6th Cir. 2013) (quoting *United States v. Silverman*, 976 F.2d 1502, 1504 (6th Cir. 1992) (en banc)). If "it is not obvious that the statements were untruthful[,]" the district court may base its fact-finding on coconspirator statements. *Id.* at 413 (quoting *United States v. Milan*, 398 F.3d 445, 457 (6th Cir. 2005)) (quotation marks omitted).

Zachary Stevens, Matthew Stevens, and Wayne Parcham each gave their statements independently, and, aside from slight variations in their estimates of specific quantities of firearms, the statements are wholly consistent. As we have explained before, when coconspirators' statements are "given independently" and "corroborate each other," these "indicia of reliability" allow a district court to rely on those statements. *Hunt*, 487 F.3d at 353. All three of the coconspirators estimated that Louchart had a total of sixty to eighty firearms. These statements also aligned as to the types of firearms sold, the method by which they were stored, and the people to whom they were sold. The district court concluded that this consistency significantly enhanced the reliability of these three statements. Other factors also enhance these statements' indicia of reliability. For example, each statement was self-incriminating. As the Supreme Court has explained, such statements offer indicia of reliability because "[p]eople do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions." *United States v. Harris*, 403 U.S. 573, 583 (1971).

At base, Louchart is attacking the district court's factual findings, which we review for clear error. *Hunt*, 487 F.3d at 350. Clear error is a highly deferential standard of review; we reverse only when we are "left with the definite and firm conviction that a mistake has been

committed." *Anderson v. Bessemer City*, 470 U.S. 564, 574-75 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  We lack such a definite and firm conviction here.

Louchart also challenges the district court's use of the preponderance of the evidence standard for its fact finding under the Sentencing Guidelines and suggests that *Alleyne*, 133 S. Ct. 2151, might have changed the standard of proof.  Louchart, however, did not object to the preponderance of the evidence standard at his resentencing and even appeared to acknowledge this standard.  Louchart's *Alleyne* argument is a nonstarter.  In binding published opinions, we have already held that the Supreme Court's decision in *Alleyne* did not change the preponderance of the evidence standard for fact finding under the Sentencing Guidelines.  *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); *United States v. Johnson*, 732 F.3d 577, 583 (6th Cir. 2013).  *Alleyne* only mandates proof beyond a reasonable doubt for facts that increase a defendant's mandatory minimum or statutory maximum sentence; preponderance of the evidence remains the burden of proof for other fact finding, including fact finding under the Sentencing Guidelines.  *See Cooper*, 739 F.3d at 884; *Johnson*, 732 F.3d at 583-84.  Accordingly, the district court did not reversibly err by making its factual findings by a preponderance of the evidence.

IV.

For the foregoing reasons, we **AFFIRM** Louchart's 162-month sentence.