NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0118n.06

No. 17-1557

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Mar 08, 2018

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JOHN CORTEZ LAMB, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: KEITH, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. The police obtained warrants to search two houses connected to John Lamb, where they found guns, ammunition, and drugs. The district court later denied his motion to suppress that evidence. Lamb thereafter pled guilty to possessing firearms and ammunition as a felon, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 97 months' imprisonment. He now challenges his conviction and sentence.

Lamb first argues that the district court should have granted his motion to suppress because the search warrants were not supported by probable cause. But Lamb himself concedes that he did not reserve the right to appeal the suppression ruling when he pled guilty, so this claim is waived. *See* Fed. R. Crim. P. 11(a)(2); *United States v. Vasquez-Martinez*, 616 F.3d 600, 604-05 (6th Cir. 2010).

Lamb also challenges his sentence as procedurally unreasonable. In determining Lamb's Guidelines range, the district court increased Lamb's offense level by four points because he had possessed a gun "in connection with" another felony, namely drug trafficking. *See* U.S.S.G.

§ 2K2.1(b)(6)(B). Lamb contends that the court imposed this enhancement without first finding that he possessed the gun in connection with drug trafficking. Lamb therefore asserts that the court violated Fed. R. Crim. P. 32(i)(3)(B), which requires the court to rule on each "controverted matter" or "determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]"

Lamb did not raise this argument at the sentencing hearing, but an unraised objection escapes forfeiture if the district court failed to ask the parties, at the end of the hearing, whether they had any other objections to the sentence pronounced. *See United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). Here, the court asked only whether the parties "want[ed] anything else on the record[,]" which is not equivalent to a *Bostic* question. *See United States v. Camacho-Arellano*, 614 F.3d 244, 247 (6th Cir. 2010). Hence we review de novo whether the district court complied with Rule 32(i)(3)(B). *See United States v. White*, 492 F.3d 380, 414 (6th Cir. 2007).

Under that rule, the district court must rule on a "controverted matter" if the defendant raised the issue at the sentencing hearing. *See id.* at 415. Here, the district court made no finding that Lamb had possessed a gun in connection with drug trafficking, so the question for purposes of Rule 32(i)(3)(B) is whether Lamb in fact controverted that "matter" at the hearing. *See United States v. Hurst*, 228 F.3d 751, 760-61 (6th Cir. 2000). By way of background, the presentence report (PSR) calculated Lamb's total offense level as 29, his criminal-history category as II, and his Guidelines range as 97-121 months' imprisonment. *See* U.S.S.G. ch. 5, pt. A. The PSR also listed two objections from Lamb, one to the two-level enhancement for possessing six firearms and another to the conclusion that nothing warranted a departure from the Guidelines range. *See* U.S.S.G. § 2K2.1(b)(1). The PSR itself said nothing about any objection by Lamb to the enhancement for drug trafficking.

But Lamb did try to make additional objections at the sentencing hearing. At the outset of the hearing, Lamb's counsel said that he had sent the probation officer not merely two objections, but seven. He began to list them, but the court cut him off and asked to see them instead. After an exchange with the probation officer, Lamb's counsel realized that he had omitted one page (of three) from the objections he had previously sent to probation. He gave a copy of the missing page (which recited five objections) to the court, the probation officer, and the government. The court then adjourned the hearing to allow the probation officer to review these objections. Yet when the hearing resumed, neither the court nor the probation officer said anything about them. Instead, the court said only that it denied "all of the objections except perhaps Objection 1" (Lamb's objection to the enhancement for possessing six firearms), which it denied after hearing testimony from four witnesses. The court never identified Lamb's other objections nor explained why it had denied them. Moreover, the missing page of objections is absent from the record.

Lamb adequately raised his missing objections when he tried to recite them at the hearing and then gave a copy of them to everyone concerned. *Cf. United States v. Williams*, 612 F.3d 500, 515-17 (6th Cir. 2010). And the record makes clear enough that those objections included one to the enhancement for drug trafficking. According to Lamb's sentencing memorandum, the correct Guidelines range was 51-63 months, which corresponded to an offense level of 23, or six points below the PSR's offense level. Lamb undisputedly objected to the two-level enhancement for possessing six firearms, leaving four levels unaccounted for. That gap must stem from an objection to the four-level drug-trafficking enhancement: Lamb's sentencing memorandum expressly disputed the PSR's statement that he had trafficked drugs; at the hearing, his counsel said that he had objected to "Paragraph 21" of the PSR, which contained the facts relevant to that

enhancement; and in its brief here the government admits that the missing page contained an objection to at least some of the facts in that paragraph.

Thus, after the hearing resumed, the court needed to say something about all the "controverted matters"—including whether Lamb had possessed a firearm in connection with drug trafficking and was thus subject to the § 2K2.1(b)(6)(B) enhancement. *See* Fed. R. Crim. P. 32(i)(3)(B). The court's summary denial of Lamb's objections—without even identifying what they were—was not enough to satisfy Rule 32(i)(3)(B). *See United States v. Wright*, 747 F.3d 399, 414-15 (6th Cir. 2014). And since the disputed enhancement increased Lamb's offense level by four points, the court's failure to rule on it was not harmless. *See United States v. Louchart*, 680 F.3d 635, 640 (6th Cir. 2012). Hence we vacate Lamb's sentence and remand for resentencing.

Separately, Lamb contends that the district court's explanation of his sentence was inadequate. *See* 18 U.S.C. § 3553(c); *Gall v. United States*, 552 U.S. 38, 50 (2007). He has a point: the court recited some of the 18 U.S.C. § 3553(a) sentencing factors, but did not explain how they applied to Lamb. Nor did the court respond to Lamb's arguments for a downward variance from the Guidelines range. Those omissions presumably can be addressed on remand.

We affirm Lamb's conviction, vacate his sentence, and remand for resentencing.