**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0217n.06

No. 14-1091

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Mar 19, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| | ) | |
| RAHSEAN CARTER, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

**BEFORE: NORRIS, MOORE, and GIBBONS, Circuit Judges.**

**PER CURIAM.** Defendant Rahsean Carter pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On appeal, Defendant asserts that (1) his sentence is unreasonable because the district court failed to reduce his offense level to reflect his minor role in the offense; (2) his sentence is unreasonable because it is disproportionate and fails to represent an appropriately individualized sentence where the district court cited general deterrence as a sentencing factor; (3) his constitutional rights were violated when the district court, rather than a jury, determined as part of sentencing that the firearm possessed by Defendant was stolen; and (4) the stolen-firearms sentence enhancement was unconstitutional because there was no evidence that Defendant had reason to believe the firearm was stolen. Finding no error, the judgment of the district court is **affirmed**.

I.

The facts are straightforward and uncontested, with one exception noted below. Agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives interviewed a confidential informant in connection with the investigation of a suspected dealer of illegal firearms and drugs. The agents requested that the informant arrange to purchase two handguns from the suspected dealer. The informant and the suspected dealer met on the front porch of a residence in Detroit, Michigan. Defendant arrived soon after and removed a white folded up shirt from the trunk of his car. The government suggests that the firearms were brought to the sale by Defendant in the folded up shirt, but Defendant denies it, and the district court did not rely on that fact at sentencing. Defendant admits that he took possession of the revolver to be sold and fired it into the air to demonstrate to the buyer that the firearm was functional, and then he wiped down the firearm with the white shirt. The investigation revealed that Defendant had a prior felony conviction and that the firearm was stolen.

Defendant was charged and pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At sentencing, the base offense level was calculated to be twenty, with a two-level enhancement because the firearm was stolen, and a three-level reduction for acceptance of responsibility, for a total offense level of nineteen. With Defendant's criminal history score of five, resulting in a category of III, the sentencing guidelines range was thirty-seven to forty-six months' imprisonment. The district court sentenced Defendant to forty-one months.

II.

We will address each of Defendant's arguments in turn. We review a district court's sentencing guideline calculation de novo, *United States v. Wendlandt*, 714 F.3d 388, 393 (6th Cir.

2013), and review the reasonableness of the sentence for abuse of discretion. *Gall v. United States*, 552 U.s. 38, 51 (2007).

### A. *Role in the Offense*

Defendant first argues that the district court should have, on its own initiative, applied an offense level reduction because Defendant's role in the offense was "substantially less" than the other perpetrators. Defendant argues that he provided only minor assistance in the sale of the firearm. The problem with Defendant's argument is that he was charged under § 922(g), felon in possession of a firearm, not § 922(a)(1)(A), which prohibits unlicensed "dealing in firearms." If the district court had sentenced Defendant based on the relevant conduct being the *sale* of firearms, the sentencing guidelines call for a four-level increase in the offense level. *See* USSG § 2K2.1(b)(5) ("If the defendant engaged in the trafficking of firearms, increase by 4 levels.").

Defendant pleaded guilty to being a felon in possession of a firearm. Though the district court referenced "selling guns" and "putting guns on the street" as it stepped through the sentencing factors under 18 U.S.C. § 3553(a), the court did not apply the firearms trafficking enhancement under the guidelines. It follows that Defendant's role in "trafficking" the firearms is not the pertinent inquiry when reviewing whether Defendant is entitled to a reduction for his role in the offense. By test-firing the revolver, Defendant was alone fully culpable in "possessing" the firearm. A mitigating role offense level reduction is "not applicable unless more than one participant was involved in the offense." USSG § 3B1.2, comment. (n.2).

### B. *Reasonableness of Sentence*

Defendant claims that his sentence is substantively unreasonable because it is greater than necessary to accomplish the goals outlined in 18 U.S.C. § 3553(a). Defendant must overcome a

rebuttable presumption that his within-guidelines sentence was substantively reasonable. *United States v. Kamper*, 748 F.3d 728, 739–40 (6th Cir. 2014) (citation omitted).

The gist of Defendant's argument can be summarized in three points: (1) Defendant's biggest problem is drug addiction, and forty-one months is longer than necessary to complete drug rehabilitation in prison, (2) the district court improperly weighted general criminal deterrence rather than applying an individualized sentence commensurate with the culpability of Defendant, and (3) because the sentence is not "suitable" it violates Defendant's Eighth Amendment right to be free from cruel and unusual punishment.

The district court did consider Defendant's drug problem as a factor at sentencing. However, it does not follow that any sentence longer than a prison drug rehabilitation program is unreasonable. Further, Defendant also complains that the district court considered general criminal deterrence as a factor. On that point, this court has previously rejected the argument that considering general deterrence as part of sentencing is improper. *See, e.g.*, *United States v. Phinazee*, 515 F.3d 511, 515 (6th Cir. 2008) ("The plain language of [§ 3553]—that courts may 'afford adequate deterrence' in sentencing—also militates against limiting the authority of the court to specific deterrence.") (quoting *United States v. Turner*, 173 F. App'x 402, 408 (6th Cir. 2006)).

The district court considered myriad factors beyond Defendant's drug problem and general deterrence, including the severity of the crime and the fact that Defendant was young yet had a significant criminal history, including another gun-related offense committed only three months prior to the instant offense. Because Defendant's argument "ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently, it is 'simply beyond the scope of our appellate review, which looks to whether the sentence is

reasonable, as opposed to whether in the first instance we would have imposed the same sentence.'" *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006)). Defendant has offered little to suggest that his sentence is unreasonable, just that he believes it to be too long.

Finally, Defendant offers no real support for his claim that his within-guidelines sentence is cruel and unusual punishment under the Eighth Amendment. The lack of a developed argument is not surprising, because "this court has held that an Eighth Amendment challenge must fail if a defendant receives a sentence within the guideline range, when the guideline range contemplates the gravity of the offense, which is what the district court imposed in this case." *United States v. Abdulmutallab*, 739 F.3d 891, 907 (6th Cir. 2014) (citation omitted).

### C. Judicial Fact-Finding

Defendant argues that the district court's determination at sentencing that the firearm he possessed was stolen constitutes improper judicial fact-finding under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Defendant is mistaken. *Alleyne* provides that, "Facts that *increase the mandatory minimum sentence* are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2158 (emphasis added). However, *Alleyne* does not apply to Defendant's situation because no mandatory minimum sentence is involved. *See id.* at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."). Further, "[I]n binding published opinions, we have already held that the Supreme Court's decision in *Alleyne* did not change the preponderance of the evidence standard for fact finding under the Sentencing Guidelines." *United States v. Louchart*, 579 F. App'x 492, 495 (6th Cir. 2014) (citing *United States v. Cooper*,

739 F.3d 873, 884 (6th Cir. 2014); *United States v. Johnson*, 732 F.3d 577, 584 (6th Cir. 2013)). Defendant's argument on this issue fails.

### D.  Stolen Firearm Mens Rea

Finally, Defendant argues that applying a stolen-firearm sentence enhancement without evidence that Defendant knew or should have known that the firearm was stolen violates Due Process. Under the sentencing guidelines, no mens rea is required for the stolen-firearm enhancement. *See* USSG § 2K2.1, comment. (n.8) ("[Enhancement] applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen . . . .).

Defendant concedes that we have previously rejected his argument. *See United States v Murphy*, 96 F.3d 846, 849 (6th Cir. 1996) ("The omission of a mens rea requirement for the stolen gun sentencing enhancement under [the sentencing guidelines] does not violate due process."); *see also United States v. Moore*, 372 F. App'x 576, 578 (6th Cir. 2010). We have no authority to reconsider that position here.

III.

The judgment is **affirmed**.